# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **KELLY PITTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-10-S-3073-NW |
| | ) |
| **TERRY WOODS,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendants' motion to quash plaintiff's notice of depositions.[1] On January 25, 2012, plaintiff noticed the depositions of Travis Clemmons and Brad Bolton for January 30, 2012.[2] At the time plaintiff filed that notice, depositions of plaintiff and defendants had already been scheduled for January 27 and January 30, respectively.[3] Neither Clemmons nor Bolton is a party to this action, but both are employed by defendant Ronnie Willis and were identified as material witnesses in defendants' initial disclosures.[4]

Federal Rule of Civil Procedure 30(b)(1) provides that: "A party who wants to depose a person by oral questions must give reasonable notice to every other

---

[1] Doc. no. 30.

[2] *Id.* at Ex. A (Notice of Depositions).

[3] *Id.* ¶ 2; doc. no. 33 (Response in Opposition to Motion to Quash) ¶ 3.

[4] Doc. no. 33 ¶ 2. As the witnesses are non-parties, defendants have no obligation to produce those individuals for a deposition. *See* Fed. R. Civ. P. 30.

party." Defendants argue that two business days' notice is unreasonable; plaintiff counters that five total days' notice is reasonable when depositions for defendants were already scheduled for the same day.[5]

Due to the circumstances in this case, the court need not rule on the reasonability of the notice provided. Plaintiff states that defense counsel has agreed to reschedule the depositions, but has not yet provided plaintiff with a list of agreeable dates.[6] Plaintiff also states that he will reschedule the depositions once defense counsel supplies a list of agreeable dates, but will reissue notices without the consent of defense counsel if such a list is not produced within a reasonable time.[7] However, "[s]uch action is not expected to be necessary.[8]

On January 25, 2012, the date on which plaintiff noticed the depositions and defendant filed the instant motion, the discovery deadline in this case was February 3, 2012.[9] On January 27, the parties filed a joint motion for an extension of that deadline, and the court granted that motion.[10] The discovery deadline has been

---

[5] Doc. no. 30 ¶ 3; doc. no. 33 ¶ 3.
[6] Doc. no. 33 ¶ 5.
[7] *Id.* ¶ 7.
[8] *Id.*
[9] Text order of October 20, 2011.
[10] *See* doc. no. 32; text order of January 27, 2012.

2

extended to April 3, 2012.[11] Thus, there is ample remaining time for the parties to agree on deposition dates, and to complete discovery without resorting to the court to resolve such disputes. Accordingly, defendants' motion is GRANTED, and the notice is QUASHED. Additionally, defendants are ORDERED to provide plaintiff a list of agreeable dates for the depositions of Clemmons and Bolton by 1:00 o'clock p.m. on Tuesday, January 31, 2012.

    DONE and ORDERED this 30th day of January, 2012.

                                  /s/ Lynwood Smith
                                  United States District Judge

---

[11] Text order of January 27, 2012.